Theresa **GRIMM**, Individually, and as Trustee for Katherine Grimm, Jay V. Grimm, Jr., and Cordelia Grimm, on behalf of herself and all others similarly situated, Plaintiff,

v.

**WHITNEY–FIDALGO SEAFOODS, INC.**, Shearson, Hammill & Co. Incorporated, Russ & Company, Incorporated, Price Waterhouse & Co., Sam Rubinstein, Vance F. Sutter, Larry M. Kaner, W. R. Thrall, Irwin L. Treiger and Lauren R. Donaldson, Defendants.

No. 73 Civ. 1304.

United States District Court, S. D. New York.

Jan. 31, 1978.

**6**

Rabin & Silverman, New York City, for plaintiff.

Cravath, Swaine & Moore, White & Case, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants.

## MEMORANDUM DECISION

BRIEANT, District Judge.

The attorneys for the plaintiff class in this settled action arising under the securities laws, now seek allowances for their legal services in the amount of $35,000.00, disbursements amounting to $5,000.00 and $10,000.00 additional to pay accountants who assisted in the preparation of the case for trial.

Familiarity is assumed with all prior memorandum decisions filed in this action, including that approving the settlement of the claims of the class. While the case was settled for a stated sum not to exceed $120,-000.00, it was apparent that few members of the class were likely to file valid claims, and the total paid out was unlikely to approach the nominal or stated settlement sum. This was so in part because of the passage of time, which resulted in a failure to file by some claimants. Also, an intervening unrelated tender offer made to and accepted by many class members had the effect of producing a net profit on the shares. As it turned out, the class members will collect something less than $20,000.00.

Applicant contends that the *Grinnell* decisions [*City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (2d Cir. 1974) and 560 F.2d 1093 (2d Cir. 1977)] have "held that time expended should be emphasized in fixing a fee in cases like the present one. The thrust of *Grinnell* was to reduce fees on very large recoveries, so that undue emphasis would not be placed on a fee as a percentage of the recovery. But by the same token, when the recovery is relatively small, plaintiff's counsel should not be held to any ceiling on the fee, as a percentage of the recovery, when, as here, substantial time has been expended." (Affidavit of I. Stephen Rabin, Esq., sworn to July 1, 1977, p. 5).

■ The Court believes this is not a proper construction of *Grinnell*, which is regarded as declaratory of existing law. Legal fees, before and after *Grinnell I* and *Grinnell II* were and are to be based on principles of *quantum meruit*. In *Grinnell I* it was held (p. 470 of 495 F.2d):

"In its simplest terms, the purpose of the fee award is to 'compensate the attorney for the reasonable value of services benefiting the . . . claimant.' *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corpora-*

*tion,* . . . 487 F.2d [161 (3d Cir.)], at 167."

■ This established principle was reiterated in *Grinnell II* (p. 1098 of 560 F.2d). It remains clear that the amount recovered is still "a generally accepted factor to be weighed in determining a reasonable attorney's fee" (*Grinnell I,* p. 470, *supra*). These cases do not hold that where there is a small recovery and an even smaller actual payment to the class, that primacy be granted to the number of hours worked. The amount recovered cannot be excluded from the totality of the "parameters" considered. (*Grinnell I,* p. 470, *supra.*)

■ I find that except for the fact that pre-trial proceedings here took so long, something not entirely attributable to these attorneys, this litigation was conducted in a skillful and dedicated fashion, and in accordance with the highest standards of the bar of this Court. The principal factor in this case which limited the amount which will actually be received by the class members out of the settlement fund was the intervening tender for the shares of class members. This was probably not foreseeable and certainly this intervening independent occurrence was not the fault of plaintiff's attorneys. Nor should it provide a basis for any reduction of the fee claimed. Once a class action has been declared, the class representative cannot abdicate from his fiduciary obligations without leave of court. Nor can his attorneys walk away from a class action simply because an intervening and unrelated event has placed a low ceiling on the value of the case.

■ Applying the general principles of *quantum meruit* so well and succinctly stated in *Matter of Potts,* 213 A.D. 59, 209 N.Y.S. 655, 657 (Fourth Dept. 1925) and reiterated in *Grinnell I* and *Grinnell II, supra,* the disbursements of Rabin & Silverman, Esqs. are allowed at $5,062.84 and their fee for legal services is fixed in the amount of $30,000.00, making a total of $35,062.84, payable out of the settlement fund. The fee of Richard A. Eisner & Company, Certified Public Accountants is fixed and allowed in the amount of $10,-000.00 payable out of the settlement fund.

The foregoing authorized payments shall be made upon the expiration of the time within which an appeal may be taken, or if taken, then following appellate finality. The balance of the recovery shall be distributed at the same time in accordance with our prior order in this action.

Settle order on five (5) days notice.